Margarita VIVES et. al., Plaintiff(s)

v.

Cesar REY, Secretary Department of
Education, et. al., Defendant(s).

Civil No. 00–2496(JAG).

United States District Court,
D. Puerto Rico.

March 1, 2004.

Nora Vargas–Acosta, Rio Piedras, PR,
for Plaintiffs.

Jose R. Cintron–Rodriguez, Yvonne M. Menendez–Calero, Cotto Malley & Tamargo, LLP, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On July 8, 2002 the Court filed an Opinion and Order regarding the action brought by plaintiffs Margarita Vives and Nelson Trinidad, on their own behalf and on behalf of their son Salvador Trinidad Vives (hereinafter, the "Plaintiffs") against the Department of Education of Puerto Rico, Education department Secretary, Victor Fajardo; the Director of the Rafael Colon Salgado School, Maria del Carmen Reyes; the Social Worker at the School, María I. Rodríguez; the Homeroom Special Education Teacher, Tania Sabó, in their personal and official capacities, (hereinafter, the "Defendants"). (Docket No. 37). The Court dismissed the Plaintiff's federal claims with prejudice and dismissed the supplemental state claims without prejudice. The Plaintiffs have filed a motion for Reconsideration of the Opinion and Order (Docket No. 39). Pursuant to rules 59(e) and 60 of the Federal Rules of Civil Procedure this Court **GRANTS** the motion to reconsider and accordingly will **VACATE** the Judgment filed on July 8, 2002 (Docket No. 38).

## FACTUAL BACKGROUND

On March 29, 1999, Plaintiffs filed a Discrimination Complaint Letter with the Office of the Civil Rights of the United States Department of Education ("OCR"). Plaintiffs alleged that their son had not received speech therapy services, as indicated and recommended in his Individualized Educational Program.

On June 15, 1999, the OCR and the Department of Education ("DOE") reached a Resolution Agreement ("Agreement"), whereby the DOE would provide Salvador Trinidad–Vives compensatory speech and language services, pursuant to the Rehabilitation Act. On September 27, 1999, Plaintiffs complained to the OCR that the DOE had violated the Agreement and sought assistance from OCR to enforce its terms. As a result, the DOE allegedly unleashed a pattern of retaliation against the Plaintiffs through Reyes, Rodriguez, and Sabo. The retaliatory actions included: limited access to their son's educational records, ignored requests for information, restricted access to school premises, threats to file defamation suits, harassment and intimidation of the parents, and threats to report the parents to the state welfare agency. (Docket No. 1, 5). On November 29, 1999, Defendants brought the Plaintiffs before the child state welfare agency. Plaintiffs allege that Defendants provided inaccurate and false information to the authorities.

On November 27, 2000, Plaintiffs filed a suit. On January 18, 2001, defendant Cesar Rey, current Secretary of Education, filed a motion to dismiss based on Eleventh Amendment immunity. On April 6, 2001, the remaining Defendants filed a motion to dismiss. The Court dismissed the Plaintiffs' federal claims with prejudice and dismissed the supplemental state claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## DISCUSSION

Plaintiffs claim that the Court erred in its judgment to dismiss their claims pursuant to the Rehabilitation Act and 42 U.S.C.A § 1983.

### A. *Eleventh Amendment Immunity*

██ A state may waive its immunity either by explicitly specifying its intention to subject itself to suit or by voluntarily participating in federal spending programs

where Congress expressed a clear intent to condition receipt of federal funds on a state's consent to waive its sovereign immunity. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 247, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). *See Lane v. Pena,* 518 U.S. 187, 116 S.Ct. 2092, 2100, 135 L.Ed.2d 486 (1996); *Little Rock School District v. Mauney,* 183 F.3d 816, 831 (8th Cir.1999). A waiver of Eleventh Amendment immunity as a condition for the receipt of federal funds should be found "only where stated by the most expressive language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909)).

■ Congress amended and re-enacted the Rehabilitation Act and added 42 U.S.C. § 2000 d–7 which includes an express condition precedent to a state's waiver of sovereign immunity for any state that accepts federal funds made available under Congress' Spending Clause power. 27 *Mental and Physical Disability* L. Rep. 571, July/August 2003. In *Nieves Marquez v. Commonwealth of Puerto Rico,* 353 F.3d 108, 128–29 (1st Cir.2003), which dealt explicitly with the question of immunity under § 504 of the Rehabilitation Act, the First Circuit held that "Congress has clearly expressed its intent to require waiver [and] the Commonwealth has waived its immunity by accepting federal funds." *See also Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico,* 270 F.3d 17, 24–25 (1st Cir.2001). Given the clearly established precedent in this matter, the Court concludes that the Department of Education waived its right to immunity by accepting the federal funds. Accordingly, it is not protected under the Eleventh Amendment and is subject to responsibility in its official capacity for actions in violation of the Rehabilitation Act.

**B. *42 U.S.C.A. § 1983***

■ To state a viable section 1983 claim, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by laws of the United States. *Cohen v. City of Philadelphia,* 736 F.2d 81, 83 (3d Cir.1984), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). A plaintiff must show that "(1) the defendants acted under color of [state] law; and (2) their actions deprived [the plaintiff] of rights secured by the Constitution or federal statutes." *Anderson v. Davila,* 125 F.3d 148, 159 (3d Cir.1997).

■ The first step to any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Furthermore, to set forth a *prima facie* case of retaliation, plaintiff must allege that: (1) she engaged in protected conduct; (2) defendants responded with retaliation; and (3) the protected conduct was the cause of the retaliation. *See Anderson,* 125 F.3d at 161. In the instant case, the plaintiffs allege that the defendants pursued actions of retaliation in violation of the plaintiffs' protected rights under the United States Constitution, first, fourteenth and fourth amendments. The plaintiff perceived that the defendants actions were in reprisal after plaintiff filed a complaint to the OCR stating that the Department of Education of Puerto Rico was in violation of the Resolution Agreement mentioned above. The plaintiff gave sufficient notice of these actions in the claim (Docket No.1, paragraphs 28 & 29). Therefore, this Court

finds that the plaintiffs have complied with the requirements to set forth a *prima facie* case of retaliation.

## CONCLUSION

For the foregoing reasons, this Court **VACATES** its Opinion and Order filed on July 8, 2002, and its Judgement dismissing plaintiffs federal claims. Plaintiffs' Rehabilitation Act and Section 1983 causes of action, as well as the supplemental claims under Puerto Rico law, are hereby reinstated. This case will be rescheduled for trial accordingly.

IT IS SO ORDERED.