**Mario Miguel RAMÍREZ–ZAYAS, et al., Plaintiffs**

v.

**The Commonwealth of PUERTO RICO, et al., Defendants.**

Civil No. 02–2418(SEC).

United States District Court, D. Puerto Rico.

Jan. 28, 2005.

Nora Vargas–Acosta, Rio Piedras, PR, for Plaintiffs.

Eileen Landron–Guardiola, Eduardo A. Vera–Ramirez, Landron & Vera LLP, Miriam R. Ramos–Grateroles, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Plaintiffs' motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure (**Docket # 27**). Said motion remains unopposed. Plaintiffs seek reconsideration of this Court's Opinion and Order dismissing their causes of action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), *et seq.* and the Rehabilitation Act of 1973 (**Docket # 15**). Plaintiffs premise their request for reconsideration on new case law that has since established that Title II of the ADA validly abrogates the states' Eleventh Amendment immunity and on the Commonwealth of Puerto Rico's (Department of Education) waiver of Eleventh Amendment immunity as to Rehabilitation Act claims.[1] After reviewing our previous orders, subsequent filings, and applicable law, for the reasons set herein, Plaintiffs' motion for reconsideration will be **GRANTED.**

### Procedural Background

On September 30, 2003 the Court issued an Opinion and Order in the above-captioned case dismissing Plaintiffs' claims against Co-defendant Commonwealth of Puerto Rico under Title II of the ADA and the Rehabilitation Act based on the Eleventh Amendment immunity doctrine (Docket # 15). Then, on October 24, 2003 Plaintiffs filed a motion for reconsideration of said judgment (Docket # 17). The Court denied said reconsideration stating that, absent case law indicating that Title II of the ADA validly abrogated Eleventh Amendment immunity, it would not reconsider its previous holding in *Badillo–Santiago v. Andreu–Garcia*, 167 F.Supp.2d 194 (D.P.R.2001)(Docket # 19). Thereafter, on December 2, 2003, Plaintiffs were granted permission to appeal this Court's partial judgment pursuant to Rule 54(b) (Docket # 21). Plaintiffs filed their notice of appeal and, on March 2, 2004, the First Circuit dismissed their appeal for lack of diligent prosecution. *See* Judgment and Mandate in Dockets ## 25 & 26, respectively. Specifically, the First Circuit stated that Plaintiffs were ordered to show cause why the appeal should not be dismissed for lack of prosecution and, since Plaintiffs failed to file a timely response, they proceeded to dismiss the appeal in accordance with Local Rule 3(b).[2] Then, on June 4, 2004 Plaintiffs filed the instant motion for reconsideration, this time alleging that new case law—the U.S. Supreme Court's decision in *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004)—held that Title II of the ADA validly abrogated state immunity under the Eleventh Amendment and that the First Circuit decided in *Nieves–Márquez v. Commonwealth of Puerto Rico*, 353 F.3d 108 (1st Cir.2003), that the Commonwealth of Puerto Rico waived any Eleventh Amendment immunity to Rehabilitation Act claims by accepting federal educational funding (Docket # 27).

### Standard of Review

■ Plaintiffs file their motion pursuant to Rule 60(b)(5) and (b)(6) of the Federal Rules

---

1. Waiver is implied from the acceptance of federal educational funding. *See infra* p. 399.

2. The First Circuit's Local Rule 3(b) provides that: "If appellant does not pay the docket fee within 7 days of the notice of appeal, or does not file the docketing statement or any other paper within the time set by the court, the appeal may be dismissed for want of diligent prosecution."

Noticeably, this rule, as does the First Circuit's judgement in this case, fails to specify whether the dismissal was intended to be with or without prejudice. Additionally, we have found no case law effectively deciding whether a dismissal pursuant to Local Rule 3(b) is with or without prejudice. Therefore, in an abundance of caution and absent any indication to the contrary, the Court will assume that this dismissal was without prejudice.

of Civil Procedure. Pursuant to Rule 60(b)(5) the Court may relieve a party from final judgment when "a prior judgment upon which [a decision] is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.P. 60(b)(5). Similarly, Rule 60(b)(6) provides that a party may seek amendment of a final judgment for "any other reason justifying relief from the operation of judgment." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(5) and (b)(6) further provide that a motion under this rule should be filed within "reasonable time." *Id.* "What constitutes reasonable time must of necessity depend upon the facts in each individual case." Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2866 at 382. Moreover, Rule 60(b) only allows the amendment of **final** judgments and orders. *See* Fed.R.Civ.P. 60(b). In the instant case, Plaintiffs sought and were granted leave to appeal this Court's partial judgment pursuant to Rule 54(b). Therefore, said partial judgment became final for purposes of a Rule 60(b) motion. *See* Fed.R.Civ.P. 54(b)("the Court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties upon an express direction for the entry of judgment ...").

The decision to amend a final judgment is highly discretionary. *Chang v. Smith,* 103 F.R.D. 401, 405 (affirming that "it is widely recognized that a motion for relief from judgment pursuant to Rule 60(b) is addressed to the sound discretion of the Court"). Ultimately, the Court should decide whether it is "no longer equitable that the judgment should have prospective application." Fed. R.Civ.P. 60(b)(5).

■ The case at bar posits a unique issue, to wit whether the Court may amend its judgment after a review on appeal has been sought for said judgment. In *Standard Oil Company v. United States,* the U.S. Supreme Court held that a district court may entertain a Rule 60(b) motion without leave of the appellate court even when said judgment has been affirmed by said appellate court. *Standard Oil Co. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). The U.S. Supreme Court reasoned that "the appellate leave requirement adds to the delay and expense of litigation and also

burdens the increasingly scarce time of the federal appellate courts." *Id.* at 18, 97 S.Ct. 31. *See e.g., DeWeerth v. Baldinger,* 38 F.3d 1266, 1270–71 (2nd Cir.1994). Accordingly, although the First Circuit previously dismissed Plaintiffs' claims for lack of diligent prosecution, we proceed to review the request for reconsideration under Rule 60(b). However, Plaintiffs are on notice that although technically Plaintiffs are entitled to review pursuant Rule 60(b), what they may not do, and we cannot stress this enough, is abuse the Court's processes by using Rule 60(b) as a loophole to circumvent an unfavorable ruling (dismiss for lack diligent prosecution) in the First Circuit.

**Applicable Law and Analysis**

■ Relief from judgment may be granted pursuant to Rule 60(b)(5) if the Court finds that its determination was based on a prior decision which has been reversed, vacated, or is no longer good law. *See* Fed.R.Civ.P. 60(b)(5). "For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 650 (1st Cir.1972). It is not enough that the law was merely applied by the Court or that the prior judgment was relied on as precedent for the decision. *Id. (citing* 7 Moore's Federal Practice 60.26[3] at 325); *see e.g., Coalition of Black Leadership v. Cianci,* 570 F.2d 12, 16 (1st Cir.1978). As such, there must be "a fundamental change in the legal predicates" used by the Court in issuing the original decision. *Theriault v. Smith,* 523 F.2d 601, 602 (1st Cir.1975) (holding that a defendant who sought prospective relief as a result of an important contradictory Supreme Court decision is entitled to relief pursuant to Rule 60(b)(5)). We will proceed to analyze the adequacy of reconsidering each claim separately.

**1. Title II of the ADA**

■ In its Opinion and Order issued on September 30, 2003 and Order issued on October 29, 2003, the Court specifically relied

on its precedent set forth in *Badillo–Santiago,* 167 F.Supp.2d 194 which established that Title II of the ADA did not effectively abrogate the states' Eleventh Amendment immunity (Dockets ## 15 & 19). Evidently, said opinion was issued before this Court had the benefit of the subsequent First Circuit Court decision vacating in part and remanding *Badillo–Santiago. See Badillo–Santiago v. Naveira–Merly,* 378 F.3d 1 (1st Cir.2004). The First Circuit Court in *Badillo–Santiago* specifically stated that in *Tennessee v. Lane,* 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) the U.S. Supreme Court held that Congress did validly abrogate the states' sovereign immunity to certain constitutionally-based claims under Title II of the ADA. *Badillo–Santiago,* 378 F.3d at 5. It follows that the case on which the Court in the instant case based its decision for dismissing Plaintiffs' claims under Title II of the ADA has been effectively vacated and is no longer good law. Accordingly, pursuant to Rule 60(b)(5) and for the reasons stated herein, the Court hereby **GRANTS** Plaintiffs' request and reinstates Plaintiffs' cause of action under Title II of the ADA against Co-defendant the Commonwealth of Puerto Rico.

### 2. Rehabilitation Act

In its Opinion and Order, the Court amply discussed the U.S. Supreme Court's holding in *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). The Court explained that a State would have waived its immunity "only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" (Docket # 15 at p. 7) (*quoting Atascadero,* 473 U.S. at 238, 105 S.Ct. 3142; *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *quoting Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909)). Following the U.S. Supreme Court's ruling in *Atascadero,* the Court then held that "the Commonwealth of Puerto Rico can not [sic] be held liable under the provisions of the Rehabilitation Act absent a clear waiver of its immunity." (Docket # 15 at p. 8). However, recently the First Circuit has issued a decision which contravenes our previous ruling. In *Nieves–Márquez v. Puerto Rico,* 353 F.3d 108 (1st Cir.2003), the First Circuit decided that, since the Department of Education voluntarily receives millions of dollars in federal funding, it effectively waived any Eleventh Amendment immunity as to § 504 Rehabilitation Act claims. *Id.* at p. 111. In issuing this decision, the First Circuit also relied on the U.S. Supreme Court decision in *Atascadero* (stating that Congress may "condition participation in . . . programs funded [by statute] on a State's consent to waive its constitutional immunity"). *Id.* at 128 (*quoting Atascadero,* 473 U.S. at 247, 105 S.Ct. 3142). It follows that if we apply the First Circuit's holding in *Nieves–Márquez,* Plaintiffs' Rehabilitation Act claims against the Department of Education in the instant case should be reinstated. Moreover, the fact that other courts are reconsidering similar rulings based on the same grounds also weighs heavily in favor of Plaintiffs' request for reconsideration. *See e.g., Vives v. Rey,* 310 F.Supp.2d 402, 404 (D.P.R.2004). Accordingly, pursuant to Rule 60(b)(5) and for the reasons stated herein, the Court hereby **GRANTS** Plaintiffs' request and reinstates Plaintiffs' cause of action under the Rehabilitation Act against Co-defendant the Commonwealth of Puerto Rico.

### Conclusion

For the reasons stated herein, Plaintiffs' motion for reconsideration is **GRANTED.** Plaintiffs' claims under Title II of the ADA and the Rehabilitation Act are hereby **REINSTATED** accordingly. Furthermore, Plaintiffs are **ORDERED** to file an informative motion by **February 11, 2005** specifying all the causes of action that remain pending in the instant case. The Partial Judgment issued on September 30, 2003 (Docket # 16) shall be amended to conform to the changes set forth in this opinion.

**SO ORDERED.**