**PRAMCO, LLC, on behalf of CFSC Consortium, LLC, Plaintiff,**

v.

**Manuel Perez MUJICA, et al., Defendants**

**No. Civ. 00–1115(JP).**

United States District Court, D. Puerto Rico.

July 7, 2005.

---

Hector A. Santiago–Romero, Torre de Santander, Francisco J. Fernandez–Chiques, Arrivi & Fernandez Law Office, San Juan, PR, for Plaintiff.

Rafael Colon–Flores, Rafael Colon Flores, Ponce, PR, Agnes I. Cordero, United States Attorney's Office, San Juan, PR, for Defendants.

### *OPINION AND ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Before the Court is Beal Bank's Motion Requesting Nullification of the Foreclosure Action, Public Auction and Amendment of Judgment (**docket Nos. 16 and 21**); Plaintiff's "Motion for Summary Judgment" (**docket No. 54**); and Defendants' opposition thereto (docket No. 60).

Plaintiff Pramco, a limited liability company dedicated to purchasing and collecting loans, asks the Court for summary dismissal of Intervenor Beal Bank's motion requesting nullification and for summary

disposition of this case. Plaintiff CFSC Consortium is also dedicated to purchasing and collecting loans.

Intervenor Beal Bank, who purchased a pool of loans from the United States Small Business Administration in the year 2000, petitions this Court for relief from judgment, alleging that they are the "lawful" owner of several promissory notes at issue in this case. For the foregoing reasons, the Court GRANTS Plaintiff Pramco's Motion for Summary Judgment and DENIES Intervenor Beal Bank's Motion for Nullification of the Sale.

### A. *The Loans*

On July 14, 1988, Defendants Manuel Pérez Mujica and his wife Carmen Isabel Nieves Landrau, obtained from Banco Popular de Puerto Rico a mortgage loan evidenced by a note with the same date signed by both Defendants. The note stated that the principal of Two Hundred Thirty–Five Thousand Dollars ($235,-000.00) was payable to the order of Banco Popular, with an eleven percent (11%) annual interest rate, payable in one hundred and seventeen (117) installments of principal, plus interest, to be paid on or before July 14, 1998 (the "Principal note"). Full disbursement of the monies was obtained by the Defendants, and for the purpose of securing the principal note, two mortgage notes (known in Spanish as "pagaré hipotecario") were pledged over the following real property as follows:

— First mortgage note made to the order of Banco Popular for the principal sum of $147,000.00, and secured by a first mortgage upon a 369.523 square meter plot of commercial property located in San Isidro Ward, Canóvanas, as per deed 214, executed on July 14, 1988, affidavit number 18598 before Notary Public Carlos Dávila Coca ("Note 1").

— Second Mortgage note made to the order of Banco Popular for the principal sum of $88,000.00, and secured by a second mortgage upon the same plot of commercial property located in San Isidro Ward, Canóvanas, as per deed 215, executed in July 14, 1988, affidavit number 14599 before Notary Public Carlos Dávila Coca ("Note 2").

Two more mortgage notes were also issued, but are not in controversy in this case: On May 21, 1990, Defendants obtained a disaster loan from the Small Business Administration evidenced by a note for the amount of Fourteen Thousand Three Hundred Dollars ($14,300.00) with a four percent (4%) annual interest rate, payable in eighty-four (84) installments of principal. For the purpose of securing this note, a mortgage note was pledged over the following real property as follows:

Made to the order of Small Business Administration for the principal sum of $14,300.00, secured by a third mortgage over the same parcel of property. There is no controversy that Beal Bank holds this note ("Note 3").

On September 23, 1991, Defendants obtained from Banco Popular de Puerto Rico a loan evidenced by a note for the amount of One Hundred Thousand Dollars ($100,-000.00) with a ten percent (10%) annual interest rate, payable in eighty-four (84) installments of principal. For the purpose of securing this note, a mortgage note was pledged over the following real property as follows:

To the order of Banco Popular for the principal sum of $100,000.00, which was secured by a fourth mortgage upon the plot of commercial property located in San Isidro Ward, Canóvanas, as per deed 269 before Notary Public Carlos Dávila Coca ("Note 4").

## B. *Assignment and Execution*

Before this case was filed, Banco Popular duly endorsed Notes 1, 2 and 4 to the United States Small Business Administration ("SBA"). In August 1999, Plaintiff CFSC purchased a pool of loans from the SBA, who as a result of the sale, endorsed all the loans comprised in the pool to CFSC. In December 1999, CFSC signed a power of attorney permitting Pramco to take any action necessary to collect certain CFSC loans. This power of attorney put Plaintiff Pramco in a position to collect the loan at issue here, since Defendants' notes were among those purchased by CFSC in the pool. As a result of the sale, Plaintiff holds the original of the principal note, with original signatures, as well as the original of the mortgage notes (Notes 1 and 2).

Intervenor Beal Bank also purchased a pool of notes from SBA, but this purchase did not occur until one year later, in 2000. Beal Bank claims that it purchased the principal note and notes 1 and 2 from the SBA. It does not have the original of the notes, but rather copies which are in fact, marked "copies".

Plaintiff alleges that as holder of the original documents of the principal note, and mortgage notes # 1 and # 2, which were all duly endorsed to its client, the intervenor has no grounds upon which to nullify the foreclosure sale because it does not hold the original requisite notes. Plaintiff alleges that the "original notes" that Beal claims to hold are actually copies and that Plaintiff holds the only originals. Plaintiff also alleges that Beal's motion for nullification of the sale is untimely and therefore should be denied.

Beal Bank alleges that the SBA gave it an itemized list of documents in the pool that they were purchasing, and wherein the number of Defendants' loan was included. Therefore, they claim that Pramco possesses the notes in error, since they were not meant to be sold to CFSC in the pool that CFSC purchased. Beal Bank further claims that it has the right to hold the foreclosure sale because, as the proper purchaser of the loans, it is therefore the holder of the first three liens on the property.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. *See Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993). A fact is material if it might affect the outcome of the case. *Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989). An issue is "genuine" if sufficient evidence exists to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to show affirmatively, through the filing of supporting affidavits or otherwise, that a genuine issue exists for trial. *See Goldman v. First National Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993). In discharging this burden, the non-moving party may not rest upon mere allegations or denials of the pleadings. *See* Fed. R.Civ.P. 56(e). On issues where the non-moving party bears the ultimate burden of proof, it must present definite, competent evidence to rebut the evidence put forth by the moving party. *See Anderson v. Liber-*

*ty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 2514–2515, 91 L.Ed.2d 202 (1986). Indeed, summary judgment may be appropriate "... where elusive concepts such as motive or intent are at issue ... if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994).

## III. FINDINGS OF FACT

1. On January 27, 2000, Plaintiff filed the instant case, claiming foreclosure of mortgage and collection of monies.

2. Through the claim, Plaintiff was seeking to foreclose a $235,000.00 principal note on the property at issue.

3. On May 31, 2000, the Court entered a default judgment and ordered the sale of the property.

4. On July 26, 2003, an auction was held.

5. The sale to Plaintiff was confirmed on October 8, 2002.

6. On January 23, 2003, Beal Bank, on behalf of LPP Mortgage, filed a motion requesting the nullification of the foreclosure action and public auction, alleging that it was the holder of the first three liens on the property and was not notified of the foreclosure sale by Plaintiff as required by law.

7. There is a principal note for $235,000.00 on the property at issue.

8. Plaintiff holds the original of the principal note, with original signatures.

9. Plaintiff's principal note has SBA Loan number GPME–324–606–3010–PR on it.

10. The principal note has SBA assignment number 4574103002, Loan Pool 25 on it.

11. Beal Bank holds a copy of this note.

12. This principal note is secured by two mortgage notes: the first note is for $147,000.00 and the second is for $88,000.00.

13. Plaintiff holds the original of mortgage note # 1 and note # 2.

14. Beal Bank holds copies of mortgage notes 1 and 2.

15. Plaintiff's Mortgage note 1 has SBA assignment number 4574103002, Loan Pool 25 on it.

16. Plaintiff's Mortgage note 2 has SBA assignment number 4574103002, Loan Pool 25 on it.

17. Note 3 is for $14,300.00.

18. Beal Bank holds the original for note # 3.

19. Note 4 is for $100,000.00.

20. Plaintiff holds the original for note # 4.

21. Plaintiff's Note 4 has SBA loan number GPME–4574103002PR on it.

22. Plaintiff's Mortgage note 4 has SBA assignment number GPME–4574103002PR, Loan Pool 25 on it.

23. Plaintiff possesses a document titled "Loan Sale Agreement by and Between U.S. Small Business Administration" which states that CFSC Consortium, LLC, purchased a pool of loans from the U.S. Small Business Administration, which includes the loans at issue, with loan number 4574103002 on it with a balance due of $94,114.00.

24. Beal Bank possesses a document titled "Loan Sale Agreement by

and Between U.S. Small Business Administration" which states that Beal Bank purchased a pool of loans from the U.S. Small Business Administration, which includes the loans at issue, with loan number 4017763009 on it with a balance due of $9,341.34 and loan number 3246063010 with a balance due of $154,364.00.

25. A title study effected by the Small Business Administration performed on the property, which lacks a date, lists four mortgage notes on the property, one for $147,000.00, one for $88,000.00, one for $14,300.00, and one for $100,000.00.

## IV. CONCLUSIONS OF LAW

Plaintiff now requests summary dismissal of this claim, alleging that they are the original owners of the notes in question and that there is no genuine issue of material fact as to this issue. The Court agrees.

### A. *Assignment of Credit*

█ Under Puerto Rico law, the issue before the Court is known as an assignment of credit. An assignment of a credit ... "is a legal business executed by the assignor with another person, the assignee, by virtue of which the former transfers to the latter the ownership of the right of the assigned credit." *IBEC v. Banco Comercial,* 117 P.R. Dec. 371 (1986), *quoting* L. Diez–Picazo, *Fundamentos del Derecho Civil Patrimonial I,* 789, Madrid, Ed. Tecnos (1979); *see also generally Consejo de Titulares del Condominio Orquideas v. Corporacion de Renovacion Urbana y Vivienda,* 1993 WL 840040, 132 D.P.R. 707 (1993). In essence, an assignment of credit refers to the transaction through which a third person, in this case Pramco, becomes a substitute for the original credi-

tor, in this case the SBA, and then becomes the holder of the credit at issue, in this case the notes, which remain unaltered. Under Puerto Rico law, "The sale or assignment of a credit includes that of all the accessory rights, such as the security, mortgage, pledge, or privilege." 31 P.R. Laws Ann. § 3943; *see also* J.R. Vélez Torres, *Curso de Derecho Civil—Derecho de Obligaciones I,* 229 San Juan (1981) (the effect on the content of the legal relationship is unaffected by the transfer).

█ In order for the credit to be validly assigned, the Code indicates that it must meet two requirements: that it be contained in a public instrument and that it be dated in said public instrument or in a public registry. 31 P.R. Laws Ann. § 3941. In the case at bar, Pramco has provided evidence to the Court that they possess all the original notes in question, and that they are duly endorsed in their favor. The fact that they are promissory notes and that they are duly dated complies with the requirements set forth in the Civil Code. To wit, Pramco has provided the Court with originals to the principal note and the two mortgage notes securing the principal note (notes 1 and 2), and all three were duly endorsed and dated by the SBA to the order of CFSC. Under these circumstances, the Court can only find that this is a valid assignment of the credit in question.

Whatever Beal's rights might be, the fact is that Plaintiff *holds the original promissory notes validly issued in its client's name.* Therefore, the Court does not understand what Beal means when it claims to be the "rightful" owner of the notes in question. Presumably Beal means that the assignment to CFSC was done in error, but if that is the case, Beal has no recourse against Plaintiff.

The Court believes the error in this case might have stemmed from SBA's assign-

ment of the same number to two notes: the $100,000.00 note (Note 4) and the $235,000.00 principal promissory note (the principal note). That is to say, when SBA had both notes, the loan number of the principal note and the loan number for Note 4 were different. But when the SBA assigned both notes to Pramco, it placed the same original number that note 4 had on the assignment to the principal note (and therefore, on mortgage notes 1 and 2). Therefore, after the assignment was complete, Pramco was left holding the principal note, mortgage notes 1 and 2 and note 4 *all bearing the same assignment number.*

Beal Bank's records show that in the pool of loans it purchased, as well as the copies it received of the notes in question, the principal note, as well as mortgage notes 1 and 2 were assigned *SBA's original loan number.* Aside from the fact that Beal's states on its face that it is a "copy", the only difference between Pramco and Beal's notes is that the assignment numbers from SBA to each of them varies. This, however, does not change the fact that it is Plaintiff, not Beal, who holds validly assigned, dated and signed promissory notes from the SBA.

Beal submits additional evidence to show that it is the "rightful" owner of the notes in question: a statement from Walter Intlekofer, the Director of the Portfolio Management Division of the SBA, stating that Defendants' loans were sold to Beal. While the Court understands that perhaps SBA made a mistake in its assignments, it finds that it was Beal Bank's duty to exercise due diligence in this regard. As the sophisticated buyer of loans that Beal is, it knows that the purchase of pools of uncollected loans such as the ones in this case is undertaken with the portfolio in an "as is" fashion. Whatever Beal's arguments and evidence might be, the bottom line is that

the Court finds that the assignments in question were validly executed in favor of Plaintiff. At the very least, Beal must, or should have noticed that the promissory note in its favor read "copy" and this should have been enough to sound warning bells. Beal's lack of diligence on its part on these facts is telling.

Additionally, the Court finds that Beal had ample remedies for this issue against the SBA as expressly stated in its purchase agreement with the SBA. Therefore, the Court finds that Beal's recourse in this matter is against the party who made the alleged mistake in the assignment of the notes—the SBA. Finding no issue of material fact as to who possesses a validly assigned notes, and therefore no issue as to who their owner is, the Court hereby **GRANTS** summary judgment in favor of Plaintiff Pramco on this issue.

### B. *Relief Under Rule 60*

As part of its motion, Plaintiff also alleges that intervenor Beal's motion for relief under Rule 60 was not timely made. The Court agrees. Rule 60(b) states:

"On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. Section 1655, or to set aside a judgment for fraud upon the Court. Writs of coram nobis in the nature of a bill of review, are abolished and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Fed.R.Civ.P. 60.

■ As is clearly stated in the rule, a motion for relief under this Rule must be made within a *reasonable* time and in the interest of finality, it provides a maximum time for reasons (1), (2) and (3) so that in any event a motion made under such reasons must be made "not more than one year after the judgment, order or proceeding was entered or taken." Accordingly, a motion under clauses (1), (2) or (3) must be denied as untimely if made more than one year after the judgment was entered, regardless of whether the delay was reasonable. *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2nd Cir.1972), *certiorari denied* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139.

■ Even if the Court were to find that reasons 1, 2 or 3 applied, Beal Bank's reasons for the tardy motion clearly do not meet this criteria. Judgment in favor of Pramco was entered on *May 31, 2000* and

Beal bank filed its motion requesting nullification of the sale on January 23, 2003; that is to say, almost *three (3) years after judgment was entered.* Therefore Beal's motion was undoubtedly untimely under clauses 1–3.

The Court further finds that clause 4 is inapplicable, since the Judgment entered cannot possibly be considered void, having been issued in accordance with a valid assignment of rights as previously discussed. The first part of clause number 5 does not apply, since the Judgment has obviously not yet been discharged. The second part—that it is no longer equitable that the judgment should have prospective application—is equally inapplicable. Under this second part of section 5, relief from judgment may be granted if the Court finds that its determination was based on a prior decision which has been reversed, vacated, or is no longer good law. *Ramirez–Zayas v. Commonwealth of Puerto Rico,* 225 F.R.D. 396 (D.Puerto Rico 2005). Under the circumstances presented in this case, the Court cannot hold that a valid assignment of a promissory note is not good law.

This brings the Court to clause number 6. After enumerating five rather specific reasons for relief, section 6 broadens the grounds for relief from a judgment by authorizing the Court, in the exercise of its sound discretion, to relieve a party or his legal representative from a final judgment, order or proceeding "for any other reason justifying relief from the operation of the judgment." Again, like in 1–3, the only time limitation upon relief under clause 6 is one of "reasonable time". "What constitutes reasonable time must of necessity depend upon the facts in each individual case." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2866 at 382.

It is well known that a motion for relief from a judgment under Rule 60(b) is a matter committed to the discretion of the Court. *See Chang v. Smith,* 103 F.R.D. 401, 405 (D.Puerto Rico 1984) (affirming that "it is widely recognized that a motion for relief from judgment pursuant to Rule 60(b) is addressed to the sound discretion of the Court"); *see also American and Foreign Ins. Ass'n. v. Commercial Ins. Co.,* 575 F.2d 980 (1st Cir.1978), *Ralston Purina Co. v. Navieras De Canarias, S.A.,* 619 F.2d 152 (1st Cir.1980). However, as to motions under Rule 60(b)(6), the courts require a showing of exceptional or extraordinary circumstances to warrant the setting aside of a judgment. "Motions brought under Rule 60(b) are committed to the district court's sound discretion ... the trial court's exercise of discretion must be colored by a recognition that, because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted 'only under exceptional circumstances.'" *Miranda v. American Airlines,* 176 F.R.D. 438, 440 (D.Puerto Rico 1998), *quoting Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986); *see also Klapprott v. U.S.,* 335 U.S. 601, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266 (1949); and *Gray v. Estelle,* 574 F.2d 209, 215 (5th Cir.1978).

Even though clause 6 of the rule broadens the grounds for relief from a judgment set out in the five preceding clauses, the broad power granted by this clause is not for the purpose of relieving a party from the free, calculated, and deliberate choices he has made. As the Court has stated before, a party remains under the legal duty to protect his own interests. Therefore, the fact that Beal did not bring this matter before the Court until almost three years after the entry of Judgment is a situation of its own making.

The Court therefore finds that relief should be denied on the ground that an insufficient showing of extraordinary circumstances has been made. The fact that SBA might have mistakenly assigned Beal's notes to Pramco seems to the Court to be more the subject of relief to be properly brought under the auspices of section 1 (mistake, inadvertence and/or excusable neglect), but which the Court has already stated, was not timely effected by Beal.

The Court therefore finds that Beal has failed to exercise the necessary diligence throughout this case. It was not diligent in timely assessing the SBA's alleged mistake, in spite of the fact that it clearly had copies of the promissory notes in question; it was not diligent in filing the necessary recourse with SBA; and it was not diligent in filing the necessary recourse with this Court. Therefore, the Court concludes that in the present case, the extraordinary circumstances which should move a court to grant relief from judgment in accordance with Rule 60(b)(6) are absent, and therefore, the Court **DENIES** Beal's petition to nullify the sale.

## V. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiff's motion for summary judgment, and **DENIES** intervenor Beal Bank's motion requesting nullification of the foreclosure action, of the public auction and of the amendment of the judgment in favor of Pramco.

**IT IS SO ORDERED AND ADJUDGED.**